1  Douglas H. Morseburg (SBN 126205)
   dmorseburg@leechtishman.com
2  **LEECH TISHMAN FUSCALDO & LAMPL**
   100 Corson Street, Third Floor
3  Pasadena, California  91103-3842
   Telephone:  (626) 796-4000
4  Facsimile:   (626) 795-6321

5  Attorneys for Plaintiff
   MAJOR COMMUNICATIONS, INC.

6

7

8              **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10                **WESTERN DIVISION**

11

12                                                 Case No.:  2:15-cv-09808
   MAJOR COMMUNICATIONS, INC.,
13  a California corporation,

14              Plaintiff,                          **COMPLAINT FOR COPYRIGHT
                                                   INFRINGEMENT**
                   vs.
15                                                 **REQUEST FOR JURY TRIAL**
   ATTON GROUP, INC., a California
16  corporation; ATTON INC., a California
   corporation; 385 INC., a California
17  corporation; CLAIRE HUNG, an
   individual; KAREN PAI, an individual;
18  and DOES 1-10, inclusive,

19              Defendants.

20

21

22       Plaintiff Major Communications, Inc., through its attorneys, Leech Tishman

23  Fuscaldo & Lampl, alleges:

24                        THE PARTIES

25       1.    At all times relevant, Plaintiff Major Communications, Inc. ("Plaintiff"

26  or "Major") was, and it is, a corporation duly organized under the laws of the State of

27  California and having its principal place of business at 12718 Schabarum Avenue,

28  Irwindale, California in the County of Los Angeles, California.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

2.      Major is a supplier of stylish, high quality accessories for mobile devices, including cell phone cases, decorative stickers for cell phone cases, battery chargers and cables.  Major sells its products to dealers and distributors and to consumers through its Internet website and through online retail sites such as Amazon and eBay.

3.      Major is informed and it believes, and based thereon it alleges, that at all times relevant herein defendant Atton Group, Inc. ("Atton Group") was, and it is, a California corporation with its principal place of business in City of Industry, in the County of Los Angeles, California.

4.      Major is informed and it believes, and based thereon it alleges, that at all times relevant herein defendant Atton Inc. ("Atton") was, and it is, a California corporation with its principal place of business in City of Industry, in the County of Los Angeles, California.

5.      Major is informed and it believes, and based thereon it alleges, that at all times relevant herein defendant 385 Inc. ("385") was, and it is, a California corporation with its principal place of business in City of Industry, in the County of Los Angeles, California.

6.      Major is informed and it believes that defendant Claire Hung ("Hung") is an individual whose principal residence is located in the County of Los Angeles, California.  Major is further informed and it believes that, at all times relevant herein, Hung was, and she is, a principal of Atton Group, Atton and 385, that she was, and is, an officer and director of those entities and that she directed the activities of those defendants in doing the things complained of below.

7.      Major is informed and it believes that defendant Karen Pai ("Pai") is an individual whose principal residence is located in the County of Los Angeles, California.  Major is further informed and it believes that, at all times relevant herein, Pai was a principal, officer and director of Atton and that she actively participated in

-1-
COMPLAINT FOR COPYRIGHT INFRINGEMENT

1   the activities of Atton in doing the things complained of below.

2       8.      Major is further informed and it believes that Hung is, and at all times

3   relevant was, the owner of a substantial number of shares of Atton Group, Atton and

4   385 and that there exists, and at all times herein mentioned there existed, a unity of

5   interest and ownership between defendant Hung, on the one hand, and those entities,

6   on the other, such that any individuality and separateness between Hung and those

7   corporate entities have ceased.

8       9.      On further information and belief, Atton Group, Atton and 385 are the

9   mere alter egos of Hung in that Hung has completely controlled, dominated,

10  managed and operated those corporate entities and intermingled the assets of each to

11  suit her own convenience and has used the assets of those corporations for her

12  personal use, had caused corporate assets of the corporation to be transferred to

13  herself and to defendant Karen Pai without adequate consideration and has

14  withdrawn funds from the bank accounts of Atton Group, Atton, and 385 for

15  personal use.

16      10.     Adherence to the fiction of the separate existence of Atton Group, Atton

17  and 385 as entities distinct from Hung would permit abuse of the corporate privilege

18  and would sanction a fraud in that, on information and belief, Hung has caused

19  substantial sums to be to be withdrawn from the accounts of those corporate entities

20  and distributed to herself and various third parties for the purpose of avoiding and

21  preventing attachment and execution by creditors.

22      11.     The true names and capacities, whether individual, corporate, associate

23  or otherwise of defendants named herein as Does 1 through 10, inclusive, are

24  unknown to Major at this time.  Major will amend this complaint when the same

25  become fully ascertained.

26      12.     Major is informed and believes, and on that basis alleges, that at all

27  times herein mentioned, all defendants herein, whether named or fictitiously

28

-2-
COMPLAINT FOR COPYRIGHT INFRINGEMENT

1  designated, were the agents, servants, employees, joint venturers, and/or the alter

2  egos of each of the remaining defendants, and that the acts of each defendant were

3  within the course and scope of their agency, service and employment and were

4  undertaken with the permission, consent, and/or ratification of each other defendant.

5       13.    Major is informed and believes, and on that basis alleges, that at all

6  times relevant hereto, all defendants conducted business within this judicial district

7  and that they may be found in this district.  From this point forward, defendants

8  Atton Group, Atton, 385, Hung, Pai and Does 1-10 shall be referred to collectively as

9  "Defendants".

10

11  JURISDICTION & VENUE

12       14.    The Court has subject matter jurisdiction over this action pursuant to 28

13  U.S.C. §§ 1331 and 1338(a) in that this case arises under the copyright laws of the

14  United States, 17 U.S.C. §§ 101, et seq.

15       15.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because

16  the Defendants reside here and because a substantial part of the events and omissions

17  giving rise to the Plaintiff's claims occurred here.

18

19  MAJOR'S COPYRIGHTS

20       16.    Many of the products Major sells incorporate graphic designs that were

21  created by Major employees or by third parties for Major or for Major's predecessor-

22  in-interest, Beyond Electronics, Inc.  Many of the graphic designs incorporated into

23  Major's products, including those depicted in the attached Exhibit A, constitute

24  original works of authorship that are eligible for copyright protection under 17

25  U.S.C. § 102(a)(5).  Major is the owner by assignment of the copyrights in the

26  original designs depicted in Exhibit A.

27       17.    During the period between May 4, 2009 and September 3, 2010, Major

28

-3-

COMPLAINT FOR COPYRIGHT INFRINGEMENT

1  and Major's predecessor-in-interest, Beyond Electronic, Inc., submitted various

2  applications to the U.S. Copyright Office to register the copyrights in many of its

3  original designs, including those depicted in Exhibit A.  The U.S. Copyright Office

4  has issued various certificates of registration for those designs, including the

5  registration certificates attached as Exhibits B through E.  The registration

6  certificates attached as Exhibits B through E cover numerous original works of

7  authorship owned by Major, including all of the works depicted in Exhibit A.

8

9                          THE DEFENDANTS' CONDUCT

10         18.    On a date which is presently unknown to Major, the Defendants

11  commenced doing business in competition with Major manufacturing and selling

12  accessories for mobile devices, including cell phone cases, through online retail sites

13  such as Amazon and eBay under the various fictitious names.

14         19.    Many of the products the Defendants sell through online retail sites such

15  as Amazon and eBay incorporate images that are identical to many of the

16  copyrighted images depicted in Exhibit A.  On information and belief, the images on

17  Defendants' products are applied to those products in this judicial district.  On

18  further information and belief, the online orders for Defendants' products that

19  incorporate those images are processed in this judicial district.

20         20.    Major has not consented to the Defendants' reproduction of its

21  copyrighted images, the application of those images to any of the Defendants'

22  products, or the Defendants' distribution of goods bearing Major's copyrighted

23  images.

24

25                          FIRST CAUSE OF ACTION

26      (Against All Defendants for Copyright Infringement - 17 U.S.C. § 501(a))

27         21.    Major incorporates by reference into this paragraph each and every

28

1  allegation contained in paragraphs 1-20, above.

2      22.    The Defendants' acts of reproducing Major's copyrighted images and

3  their sale and distribution of products bearing those images, as described above,

4  constitute willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 106(3)

5  and 501(a).

6      23.    By reason of Defendants' acts, as alleged above, Major has suffered

7  damage to its business, reputation and goodwill and the loss of profits and sales it

8  would have made but for Defendants' conduct in an amount that is presently

9  unascertained but which will be proven at trial.

10     24.    Defendants' acts have caused and will continue to cause irreparable and

11 immediate injury to Major for which Major has no adequate remedy at law.  Unless

12 the Defendants are restrained by this Court from continuing their unauthorized

13 infringements of Major's rights, these injuries will continue to occur.

14

15                          PRAYER FOR RELIEF

16     WHEREFORE, Major prays:

17     1.    For an Order enjoining Defendants, their officers, agents, employees,

18 and those acting in concert or conspiracy with them, including their customers,

19 temporarily during the pendency of this action and permanently thereafter from:

20 (a) infringing, or contributing to or participating in the infringement by others of any

21 of the copyrights in the original designs depicted in Exhibit A, or acting in concert

22 with, aiding and abetting others to infringe the copyrights those designs in any way;

23 or (b) manufacturing, copying, duplicating, selling, renting, marketing, leasing,

24 distributing, or otherwise disposing of any unauthorized copies of those designs to

25 which Plaintiff is owner of exclusive rights under the copyright registrations shown

26 in Exhibits B through E;

27     2.    For an order requiring the Defendants to surrender to Plaintiff all

28

-5-

1 products in their possession, possession, custody or control which infringe any of

2 Plaintiff's copyrights or exclusive rights under copyright;

3      3.      For an order permanently enjoining Defendants from duplicating,

4 reproducing, copying, renting, selling or in any other manner distributing

5 unauthorized products incorporating copies of any of Plaintiff's protected designs;

6      4.      For a monetary award in favor of Plaintiff in an amount equal to (i)

7 Plaintiff's actual damages and (ii) to the extent not included in actual damages, the

8 Defendants' profits arising from the acts alleged above or, in the alternative, at

9 Plaintiff's election, statutory damages for infringement of each separate copyright as

10 set forth in 17 U.S.C. § 504;

11      5.      For an award of attorneys' fees under 17 U.S.C. section 505;

12      6.      For interest at the maximum legal rate from and after the date of this

13 complaint to the date of judgment;

14      7.      For costs of suit herein; and

15      8.      For such other and further relief as the court may deem just and proper.

16

17 Dated:  December 21, 2015               Respectfully submitted,

18                                        LEECH TISHMAN FUSCALDO & LAMPL

19                                        By: _Douglas H. Morseburg_____
                                              Douglas H. Morseburg
20

21                                        Attorneys for Plaintiff Major
                                          Communications, Inc.
22

23

24

25

26

27

28

-6-

COMPLAINT FOR COPYRIGHT INFRINGEMENT

## REQUEST FOR JURY TRIAL

Major requests a trial by jury of all issues that are properly tried to a jury.

Dated: December 21, 2015

Respectfully submitted,

LEECH TISHMAN FUSCALDO & LAMPL

By: _____
Douglas H. Morseburg

Attorneys for Plaintiff Major
Communications, Inc.

-7-

COMPLAINT FOR COPYRIGHT INFRINGEMENT